SOUTHERN WOODEN BOX COMPANY and AMERICAN MUTUAL INSURANCE COMPANY
*v.* Archie SMITH

CA 81-308                                            631 S.W.2d 620

Court of Appeals of Arkansas
Opinion delivered April 21, 1982

*Penix, Penix & Mixon,* for appellants.

*Henry & Walden,* for appellee.

*J. Gayle Windsor, Jr.,* for Associated Industries of Arkansas, Inc., and Arkansas State Chamber of Commerce; *Youngdahl & Larrison,* by: *Jim H. Larrison, Jr.,* for Workers' Compensation Commission; *Shackleford, Shackleford & Phillips, P.A.,* for Workers' Compensation Claims Conference and Arkansas Adjusters Association; *Mayes & Murray,* by: *Walter A. Murray,* for Arkansas Association of Self-Insurers; *Rose Law Firm, P.A.,* for Arkansas Poultry Association; *Allen, Cabe & Lester,* for Independent Insurance Agents of Arkansas; and *Bridges, Young, Matthews, Holmes & Drake,* for International Paper Company, *amici curiae.*

Tom Glaze, Judge. The issue raised in this Workers' Compensation case is one of first impression. Simply stated, the question we must address is whether a claimant is

entitled under Arkansas law to obtain additional benefits after a final award without a showing that he has experienced a change in physical condition. In a split decision, the Commission answered this question in the affirmative, and thereby permitted the appellee to reopen his claim solely on the grounds of changed economic conditions.

The facts are not in dispute. Appellee sustained compensable injuries in August, 1976, and April, 1977, for which he was awarded a forty-five per cent disability to the body as a whole. This disability was based upon appellee's anatomical impairment rating of fifteen per cent and the wage loss factors of *Glass v. Edens*, 233 Ark. 786, 346 S.W. 2d 685 (1961). The Workers' Compensation Commission affirmed the award by written opinion dated January 23, 1980, and no appeal was taken from the decision.

By letter dated April 10, 1980, appellee requested another hearing, contending he was entitled to a greater permanent disability rating. Appellant responded that Ark. Stat. Ann. § 81-1326 (Repl. 1976) barred appellee from reopening his prior award of benefits because he could not show: (1) a change in physical condition, or (2) the benefits awarded were based upon an erroneous wage rate. Appellee conceded that he could not show either of these two requirements but he argued that he could maintain his rights for a claim for additional compensation pursuant to Ark. Stat. Ann. § 81-1318 (b). In sum, appellee contended that he could reopen his claim under § 81-1318 (b) and offer proof evidencing a change in economic conditions which would entitle him to an increase in benefits over that previously awarded on January 23, 1980.

The Administrative Law Judge found appellee was not entitled to reopen the previous award and refused to allow any proof concerning the change in economic conditions. As we noted earlier, the Commission reversed the decision of the Administrative Law Judge and remanded to allow appellee to present evidence on the question of changed economic circumstances. We disagree with the conclusion reached by the Commission.

The two statutory provisions relied upon by appellants and appellee are in relevant part as follows:

§ 81-1318 (b). Additional compensation. In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one [1] year from the date of the last payment of compensation, or two [2] years from the date of the injury, whichever is greater. . . .

§ 81-1326. Modification of awards. — Except where a joint petition settlement has been approved the Commission may at any time within six [6] months of termination of the compensation period fixed in the original compensation order or award, upon its own motion or upon the application of any party in interest, on the ground of a change in physical condition or upon proof of erroneous wage rate, review any compensation order, award or decision, and upon such review may make an order or award terminating, continuing, decreasing or increasing for the future the compensation previously awarded, subject to the maximum limits provided for in this act [§§ 81-1301 — 81-1349.]. . . .

These statutes were the subject of an earlier legal controversy in the case of *Reynolds Metal Company* v. *Brumley*, 226 Ark. 388, 290 S.W. 2d 211 (1956). However, in *Brumley*, the court dealt with the apparent ambiguity in the length of limitation contained in the two provisions, an issue which has no significance in the case at bar. The *Brumley* case is further distinguishable from the facts in the instant proceeding because in *Brumley* there was no question that the claimant suffered a change in physical condition so as to have the required grounds under § 81-1326 to reopen an award. Here, it is not contended that appellee failed to timely file a request to reopen his case. Rather, appellants argue appellee must have grounds under § 81-1326 to obtain an increase in benefits after a final award regardless of whether he filed his application to reopen within the time constraints of either statute, *i.e.*, § 81-1318

(b) or § 81-1326. Thus, appellants reason that appellee is prohibited from reopening his claim since he can only show a change in economic circumstances which is not a ground listed under § 81-1326.

In construing these two statutes, it is our duty so far as practicable to reconcile different provisions so as to make them consistent, harmonious and sensible. *Shinn* v. *Heath,* 259 Ark. 577, 535 S.W. 2d 57 (1976). Although the court in *Brumley* found a conflict between §§ 81-1318 (b) and 81-1326, it is clear that no case law has construed these provisions in the present context. It is also patently clear that if appellee is permitted to pursue his claim under § 81-1318 (b) without satisfying the grounds in § 81-1326 to reopen his award, § 81-1326 would be rendered meaningless. There is only one consistent, harmonious construction to be placed on the relationship between §§ 81-1318 (b) and 81-1326 in an effort to make them both effective, *viz.,* where a claimant seeks additional benefits after a final award, § 81-1326 governs as to the grounds required and § 81-1318 (b) governs the period of limitation for all claims for additional benefits whether or not there has been a final award.

Appellee cites cases from Arizona, Georgia, Kentucky, Maine and Mississippi in support of his position that no physical change is necessary to reopen a final award. After a review of these cases, we find that with the exception of Arizona, none of these states' workers' compensation laws provides, as does § 81-1326, that an award may be reopened on the ground of a change in "physical condition." Arizona presently has two applicable statutes with differing terms or grounds relative to the subject of reopening claims, *viz.,* A.R.S. § 23-1044 (F) (2) (requires no change in physical condition) and A.R.S. § 23-1061 (H) (requires a change in physical condition). As may be suspected, the Arizona courts have gone both ways on whether a physical change in condition is necessary to reopen an award. See *Wiedmaier* v. *Industrial Commission,* 121 Ariz. 127, 589 P. 2d 1 (1979), *Arizona Sand & Rock* v. *Industrial Commission,* 123 Ariz. 448, 600 P. 2d 752 (1979), and *Aetna Insurance Company* v. *Industrial Commission,* 115 Ariz. 110, 563 P. 2d 909 (Ct. App. 1977). A review of the statutory provisions in Kentucky

and Mississippi reveals that an award may be reopened upon a showing of "change of conditions." See K.R.S § 342.125 and Miss. Code Annot. § 71-3-53. It is interesting to note that even though the Kentucky law does not employ the language "change in *physical* conditions," the Kentucky Court of Appeals in *Osborne* v. *Johnson*, 432 S.W. 2d 800 (Ky. App. 1968), held:

> Since the determination of post-injury earning capacity is to be based on normal economic conditions, it follows that *a mere fluctuation in economic conditions will not be considered a "change of conditions" within the meaning of the reopening statute, KRS 342.125. As we interpret that statute, the change of conditions it contemplates is a change of the workman's physical condition.* [Emphasis supplied.]

We conclude from our study that the cases from the jurisdictions cited by appellee are simply not helpful in construing our own statutory provisions relative to reopening compensation awards. We find this especially true in light of the fact that there are a number of other jurisdictions where it has been held that a compensation case cannot be reopened because of a change in general economic conditions. See *J. A. Jones Construction Company* v. *Martin*, 198 Va. 370, 94 S.E. 2d 202 (1956); *Hoffmeister* v. *State Industrial Commission*, 176 Or. 216, 156 P. 2d 834 (1945); *Royal Indemnity* v. *Warren*, 102 Ga. App. 501, 116 S.E. 2d 757 (1960).

When we review other similar states' laws which deal with reopening final compensation awards, it is difficult to escape the clear language embodied in § 81-1326 which specifically provides a compensation claim may be reopened on the ground of a change in *physical* condition. Certainly, such specific language must have meaning and cannot easily be swept aside.

If economic changes in condition were intended to be grounds for a claim to be reopened, our Arkansas General Assembly could have easily so provided. One can envision changes in economic conditions which would work to the

disadvantage of claimants seeking benefits under our Workers' Compensation Act. In this vein, it is conceivable, even predictable, that many employers and insurance carriers might choose to seek a reduction in benefits awarded claimants by the Commission when economic conditions improve. In this event, the labor market would improve which would provide jobs for more people, including those who possess normally job limiting disabilities. If fluctuating economic changes are to be made a part of our formula in determining benefits, this is a policy question best left for our Arkansas General Assembly to address.

Meanwhile, for the reasons stated hereinabove, we hold the Commission erred and reverse and dismiss this cause.

Reversed and dismissed.

MAYFIELD, C.J., concurs.