210

Porter TUBERVILLE *v.* INTERNATIONAL PAPER
COMPANY

CA 85-457                                        711 S.W.2d 840

Court of Appeals of Arkansas
En Banc
Opinion delivered July 9, 1986

*Denver L. Thornton*, for appellant.

*Bramblett & Pratt*, by: *James M. Pratt, Jr.*, for appellee.

JAMES R. COOPER, Judge. This is an appeal from a decision of the Worker's Compensation Commission, finding that the appellant had not established a sufficient change in physical condition to justify an increase in disability benefits under Ark. Stat. Ann. § 81-1326 (Repl. 1976). We reverse and remand this decision, due to the Commission's improper re-evaluation of the amount of original disability suffered by the appellant.

The appellant first requested a hearing as to disability in November, 1972, contending that he was permanently and totally disabled. In March, 1973, the administrative law judge awarded the appellant a permanent partial disability rating of fifty-five percent to the body as a whole, and in July, 1973, the Commission affirmed the law judge's decision. No appeal was taken of that decision. In May, 1982, the appellant filed a petition for additional benefits pursuant to § 81-1326. On March 22, 1985, the law judge awarded the appellant permanent total disability. In reversing this decision of the law judge, the Commission stated:

> It may be true that the Administrative Law Judge and the Commission erred in not finding permanent and total disability for this claimant in 1973. However, it would seem that the claimant's proper remedy would have been an appeal and not an attempted modification ten years later . . . . The claimant contended initially that he was permanently and totally disabled and maintains the same is true now. . . . Again, we must emphasize that in our opinion the fact that claimant claimed to be permanently and totally disabled at the 1972 hearing and that he was unable to work because of his injuries precludes the claimant from now obtaining permanent and total disability simply because of an increased anatomical impairment brought on by the aging process. . . .

> We find the critical fact in this case to be that in the claimant's 1972 hearing he contended he was physically

unable to work because of his work-related injury, therefore, the fact that the claimant now has a greater impairment rating does not make the claimant any less able to work. . . . [I]n this case, the fact remains that this claimant is no more disabled at this point than he contended he was in 1972. The crucial question is whether a change in this claimant's physical condition *has resulted in any greater disability.* We find the answer to that question is no. . . .

. . .While a change in physical conditions such as the claimant has undergone may under Ark. Stat. Ann. § 81-1326 open the door to modify an award, we find that under these circumstances a preponderance of the credible evidence must be presented showing that claimant is *more disabled now* than he was at the time of his initial hearing before this Commission, however this has simply not been done.

Here, the Commission erred in relying on the appellant's original *contention* regarding the degree of his initial disability rather than the degree of permanent partial disability *actually awarded* by the Commission. Arkansas Statutes Annotated § 81-1325(b) (Supp. 1985) provides: "A compensation order or award of the Worker's Compensation Commission shall become final unless a party to the dispute shall, within thirty (30) days from receipt by him of an order or award, file notice of appeal." The doctrine of *res judicata*, forbidding the reopening of matters once judicially determined by competent authority, applies to the decisions of the Commission. *Andrews* v. *Gross & Janes Tie Co.*, 214 Ark. 210, 216 S.W.2d 386 (1948); *Gwin* v. *R.D. Hall Tank Co.*, 10 Ark. App. 12, 660 S.W.2d 947 (1983). Having once determined that the appellant only suffered a fifty-five percent permanent disability to the body as a whole in 1973, the Commission cannot now say that the appellant was totally disabled at that time. *See Mohawk Tire & Rubber Co.* v. *Brider*, 259 Ark. 728, 536 S.W.2d 126 (1976) (Where Commission had previously decided that a credit should not be allowed, *res judicata* prevented redetermination of this issue in an action to enforce payment.); *Triebsch* v. *Athletic Mining & Smelting Co.*, 225 Ark. 199, 280 S.W.2d 719 (1955) (Under the doctrine of *res judicata*, determination of the compensability of an injury by the

Commission during the lifetime of an employee forecloses redetermination of compensability in a subsequent action for death benefits by the widow and children); *Bell* v. *Batesville White Lime Co.*, 217 Ark. 379, 230 S.W.2d 643 (1950) (same holding as *Triebsch*).

■ Because the Commission erred in its determination of the appellant's initial disability, we reverse and remand this case for a redetermination of whether the appellant is entitled to a modification of his award under Ark. Stat. Ann. § 81-1326.

Reversed and remanded.

CORBIN, J., dissents.

CLONINGER, J., not participating.