John O'HARA *v.*
J. CHRISTY CONSTRUCTION COMPANY

CA 05-478                                       227 S.W.3d 443

Court of Appeals of Arkansas
Opinion delivered February 8, 2006

[Rehearing denied March 1, 2006.*]

*Compton, Prewett, Thomas & Hickey, L.L.P.*, by: *Floyd M. Thomas Jr.*, for appellant.

---

* BIRD, GRIFFEN, and CRABTREE, JJ., would grant rehearing.

J OHN B. ROBBINS, Judge. This appeal concerns the denial of a workers' compensation claim for additional wage-loss disability benefits or permanent and total disability, over and above an earlier award of twenty-percent wage-loss disability. In a decision rendered by the Commission on January 15, 2005, it denied appellant John O'Hara's claim on two grounds: (1) the claim was barred by res judicata, and (2) even if the claim was not barred by res judicata, appellant failed to document "objective change in claimant's physical condition," to support his claim for additional wage-loss benefits. We reverse and remand for the Commission to reconsider its decision because it made errors of law.

This is not the first appeal in this case. Appellant John O'Hara suffered from a compensable work-related hernia on March 13, 1993, which was accepted by his employer, appellee J. Christy Construction Company. This case is controlled by the statutes and case law in effect prior to the workers' compensation law enacted in 1993. After appellant underwent surgery and convalescence, he suffered a compensable complication, that being neuropathy due to femoral nerve impingement. The impingement caused his right leg to have a burning, prickling sensation. Another surgery was performed to release the nerve, which improved his condition but did not eradicate the symptoms. His healing period ended in July 1994, whereupon he was given a twenty-percent permanent partial impairment rating to the body. All related benefits were accepted and paid by the employer up to this point. In 1996, appellant filed a claim for additional benefits in wage loss or permanent total disability, at which point the appellee controverted the claim.

The testimony taken at the hearing in March 1997 included appellant explaining his high school education and noting his disability in reading, his work history in the Air Force and then in construction, and his present physical condition. Appellant was forty-nine years old at that time. He testified that he could not work because his nerve injury prevented him from walking, standing, or exerting himself for any extended period of time. Nevertheless, appellant continued to work his cattle and farm acreage as best he could with constant pain and side effects from his medications. Video surveillance of appellant during that time showed that appellant smoked cigarettes, drove a truck, and walked with a limp. Appellee put on evidence of possible jobs that appellant could do, outside his ability and training. Appellant admitted that he had not sought any other employment because he

did not think he was capable of a full day's work. After reviewing the medical records and the other testimony and evidence, the administrative law judge issued an opinion in July 1997 that appellant was entitled to thirty-percent wage loss. Appellee appealed, and the Commission concluded that appellant was poorly motivated to return to work and somewhat exaggerating his symptoms, but also that he suffered a significant complication from his work injury that affected his earning capacity. It noted his inability to return to heavy manual labor, his age, limited education, and work experience. The Commission concluded in an opinion issued in February 1998 that appellant was entitled to twenty-percent wage loss over his twenty-percent impairment rating, a forty-percent total rating. On appeal, our court affirmed the Commission's decision in an unpublished opinion, *O'Hara v. J. Christy Constr. Co.*, CA98-599 (March 3, 1999).

Appellant filed another claim for additional wage loss or disability, which was the subject of a hearing in April 2003, six years after the last hearing. Appellant testified that his leg pain is worse than it was back in 1997, that he now wears a brace on his right leg because he suffered from a club foot, that he could not raise or lower his big toe, that he had continued falling spells, and that this was a progression of his nerve neuropathy. These worsened complications necessitated that he now use a TENS unit to ease the pain down his leg into his foot, and that he take more medication for pain and sleep. Appellant stated that he is less able to walk, that he is tired and weak all the time, and that he had sold cattle and timber because he could not do the family farm work as he had before. He rated his pain in 1997 as a six, whereas it was now between a seven and eight. At the time of this hearing, appellant was fifty-five years old. The administrative law judge found appellant to be entitled to an additional thirty-percent wage loss. Appellee appealed, and the Commission reversed in a January 13, 2005 opinion, which is the opinion we consider in the present appeal.

The Commission found in a two-to-one vote that appellant's claim for permanent and total disability from this work injury was barred by res judicata; and further that even if res judicata did not bar the claim, there were no objective diagnostic studies to show a change in his physical condition since being released from care. The Commission specifically recognized that it was applying pre-1993 Act law to his claim. Appellant timely filed a notice of appeal, arguing that this more recent claim was not barred by res

judicata if his physical condition changed; that he was not required to show change by "objective" findings; that even so, he showed objective findings of change; and that even if he had not, he fell within the odd-lot doctrine. Appellant asks that the case be remanded for reconsideration under the proper legal standards. We agree that the Commission erred by declaring his additional claim barred by res judicata and further that the Commission erred as a matter of law when it required objective findings to support a change in physical condition relative to his wage-loss claim. Therefore, we reverse and remand for a reconsideration of appellant's claim applying the correct law.

■ The Commission first erred in declaring this claim for additional benefits, particularly permanent and total disability, barred by res judicata. Res judicata can and does apply to workers' compensation cases if the merits of the issue have already been subject to a full and fair hearing. *See Beliew v. Stuttgart Rice Mill*, 64 Ark. App. 334, 987 S.W.2d 281 (1998); *Perry v. Leisure Lodges*, 19 Ark. App. 143, 718 S.W.2d 114 (1986). *See also Castleberry v. Elite Lamp Co.*, 69 Ark. App. 359, 13 S.W.3d 211 (2000); *Harvest Foods v. Washam*, 52 Ark. App. 72, 914 S.W.2d 776 (1996); *Tuberville v. International Paper Co.*, 18 Ark. App. 210, 711 S.W.2d 840 (1986). Res judicata bars relitigation of that determination unless there is evidence of change following the previous order. *See Cariker v. Ozark Opportunities*, 65 Ark. App. 60, 987 S.W.2d 736 (1999); *Tuberville v. International Paper Co., supra.* Certainly, res judicata could apply where conditions have not changed. However, the adjudication that was res judicata in the case at bar was that appellant's condition *as of March 1997* entitled him to no more and no less than twenty percent wage-loss disability benefits. *See Tuberville, supra.* The Commission erred when it stated that appellant's claim for increased permanent disability benefits in 2003 was barred by res judicata, because his claim was based upon changes in his condition *post-1997*.

■ More importantly, the Commission proceeded to then analyze the claim, despite its having concluded that the claim was barred. Although the Commission initially articulated that appellant had not shown a change in physical condition, the Commission's discussion of the issue clearly demonstrates that the Commission imposed on appellant the burden to show by a preponderance of the evidence that there was "objective" evidence of physical change. It distinguished *Tuberville, supra*, because

in that case there was "documented" increased physical impairment. The Commission erred because had appellant proved entitlement to an additional impairment rating, then certainly objective evidence of such a change would have been necessary. *See* Ark. Code Ann. § 11-9-704(c)(1) (Supp. 1991). This is so because a permanent impairment is usually a medically recognized condition or injury. The Commission opinions that it cited to as authority for the proposition for requiring objective diagnostic testing related to permanent physical impairments. This is inapplicable when the issue is wage-loss disability.

Former awards may be modified by the Commission in accordance with Ark. Code Ann. § 11-9-713(a)(2) upon a "change in physical condition." *See Southern Wooden Box Company v. Smith*, 5 Ark. App. 15, 631 S.W.2d 620 (1982). The statute itself does not require "objective" proof of such change, and more to the point, wage-loss disability takes into account a myriad of factors, including age and the effects of aging, which can impose a physical change. *See Tuberville, supra.*

■ This is made more apparent because the legislature specifically overruled *Tuberville* by enacting in 1993 section 11-9-713(e), which provides that:

> Aging and the effects of aging on a compensable injury are not to be considered in determining whether there has been a change in physical condition. Nor shall aging or the effects of aging on a compensable injury be considered in determining permanent disability pursuant to this section or any other section in this chapter. The purpose and intent of this section is to annul any and all case law inconsistent herewith, including *International Paper Co. v. Tuberville*, 302 Ark. 22, 786 S.W.2d 830 (1990).

Before this change in the law, aging and the effects of aging were valid considerations in the determination of whether there had been a change in physical condition. We remand to the Commission for it to reconsider whether appellant demonstrated a change in physical condition that would support his claim for additional wage-loss disability, specifically including consideration of the fact that he aged six years between his claims and the effects of that aging. We also direct the Commission to consider, if appellant does not qualify for additional wage-loss disability under the proper analysis, whether appellant falls within the odd-lot doctrine, because it failed to render

findings on that issue. Until the General Assembly abolished the odd-lot doctrine by Act 796 of 1993, Arkansas had long recognized that one need not be utterly and abjectly helpless to be deemed totally disabled. Rather, our decisions hold that the odd-lot doctrine refers to employees who are able to work only a small amount; the fact that they can work some does not preclude them from being considered totally disabled if their overall job prospects are negligible. *See M.M. Cohn v. Haile*, 267 Ark. 734, 589 S.W.2d 600 (Ark. App.1979). When the overall evidence places a worker prima facie within the odd-lot category, the employer bears the burden of proving the existence of suitable work that is regularly and continuously available to the worker. *See Walker Logging v. Paschal*, 36 Ark. App. 247, 821 S.W.2d 786 (1992). *See also M.M. Cohn, supra.* Because of appellant's total and permanent disability claim, appellee was on notice that the odd-lot doctrine was at issue. *Walker Logging v. Paschal, supra. See also Patterson v. Arkansas Dep't of Health*, 70 Ark. App. 182, 15 S.W.3d 701 (2000); *Buford v. Standard Gravel Co.*, 68 Ark. App. 162, 5 S.W.3d 478 (1999); *Moser v. Arkansas Lime Co.*, 40 Ark. App. 108, 842 S.W.2d 456 (1992).

The Commission's decision is reversed and remanded for proceedings consistent with this opinion.

GLOVER, NEAL, VAUGHT, BAKER, and ROAF, JJ., agree.

BIRD, GRIFFEN, and CRABTREE, JJ., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. This is a one-brief workers' compensation appeal where the appellant contends that the Commission erred when it held that his claim for additional permanent disability benefits was barred by res judicata and that the Commission erred when it ruled that he failed to prove by a preponderance of the evidence that changed circumstances regarding his condition since the time of the last permanent disability award entitled him to additional permanent disability benefits. Because I find no basis for reversal, and thereby disagree with the majority, I must respectfully dissent.

Appellant's claim for additional permanent disability benefits is barred by res judicata. He initially sought permanent total disability benefits or wage loss benefits exceeding the 20% impairment rating assessed for his early 1993 recurrent inguinal hernia and femoral nerve impingement (following a right inguinal hernia repair in 1990). The Commission rejected the claim of permanent

total disability benefits, but awarded wage-loss disability benefits equal to an additional 20% to the body as a whole for a total disability award of 40% to the body. In doing so, the Commission stated that the appellant "is somewhat exaggerating the disabling effects of his injury, and is also poorly motivated to return to the work force . . ." The court of appeals affirmed that decision in an unpublished opinion. *See O'Hara v. J. Christy Constr.*, No. CA 98-599 (Ark. App. Mar. 3, 1999) (not designated for publication).

Appellant now appeals from the Commission's January 13, 2005, decision that reversed an ALJ opinion rendered on August 15, 2003, wherein the ALJ found that appellant "has sustained an increase in his permanent disability or loss of earning capacity in the amount of 30% above the previous award of 40% to the body as a whole." The Commission reversed the ALJ for two reasons. First, it held that the appellant's claim for additional benefits based on an alleged change in his physical condition was barred by res judicata. Second, the Commission held that even if the claim for additional benefits were not barred by res judicata, appellant failed to prove by a preponderance of the objective evidence that he had sustained a change in his physical condition.

I agree with the Commission that appellant's claim for additional wage-loss disability benefits is barred by res judicata. The Commission explicitly adjudicated appellant's claim for wage-loss permanent disability benefits in its February 2, 1998, decision. The present claim for additional wage-loss disability benefits merely seeks to relitigate the extent of appellant's wage-loss disability after that question has already been resolved by the Commission's finding that he suffered an anatomical impairment in an amount of 20% to the body as a whole and is entitled to wage loss disability benefits in an amount equal to an additional 20% to the body as a whole for a total disability rating of 40% to the body as a whole. The Commission's award was affirmed in the face of appellant's contention that the Commission's determination that he suffered only a 40% permanent partial disability was not supported by substantial evidence and that he is totally and permanently disabled. Thus, to the extent that appellant now challenges the Commission's denial of his claim for additional wage-loss disability benefits up to a determination that he is totally and permanently disabled under the "odd-lot" doctrine, appellant's challenge must fail. Appellant was found to not be permanently and totally disabled no later than March 3, 1999.

It is certainly true that Arkansas permits an injured worker to seek additional permanent disability benefits based on changed circumstances following a previous adjudication. Arkansas Code Annotated section 11-9-522(d) (Repl. 2002) authorizes the Commission to reconsider the question of functional disability and amend a previous disability award based on facts that have occurred after the original disability determination, provided that "any party" requests reconsideration within one year after the post-award facts have occurred. Furthermore, section 11-9-713(a) (Repl. 2002) permits a worker to petition the Commission for modification of a previous award based on change in physical condition. As appellant accurately states in his brief, the supreme court's decision in *International Paper Co. v. Tuberville*, 302 Ark. 22, 786 S.W.2d 830 (1990), stands for the proposition that even advancing age qualifies as a factor that the Commission can consider in determining whether a change of circumstances has occurred. That decision does apply to appellant because his injury pre-dated the July 1, 1993, effective date of Act 796 of 1993, which abolished advanced age as a permissible factor for making increased permanent disability awards arising from changed circumstances. *See* Ark. Code Ann. § 11-9-713(e).

Nevertheless, *Tuberville* does not compel the Commission to believe a worker's allegation of increased loss of earning capacity. What the Commission decided in the present case amounts to a finding that the appellant failed to prove that his condition had changed. Appellant contends that neither the relevant statute nor the holding in *Tuberville* requires objective proof of changed circumstances, but that any change in the factors set out in *Glass v. Edens*, 233 Ark. 786, 346 S.W.2d 681 (1961), will suffice to support modifying a previous permanent disability award. That is correct; however, the worker still must prove by a preponderance of evidence that the circumstances have changed.

The Commission was certainly entitled to believe or disbelieve appellant's testimony about the extent of his incapacity. Although appellant testified during the April 17, 2003, hearing on his motion for additional benefits that his condition is worse than it was in 1997, his testimony was not corroborated or otherwise substantiated by any independent proof. Indeed, under cross-examination, appellant conceded that he was taking Amitriptyline when his claim was heard in 1997, that he takes more of that drug now but has not seen a doctor for several years, and that he testified in 1997 (as in 2003) that he had fallen several times. The Com-

mission had as much right to disbelieve appellant's testimony in 2003 as it did in 1997 (before it rendered the 20% award for wage loss-disability in the face of appellant's contention that he was entitled to permanent total disability benefits).

The Commission made no error of law when it denied the claim for additional benefits because it reasoned:

> [T]here has been no change in the claimant's documented physical condition after he reached maximum healing. Nor does the record support the ALJ's conclusion in the present matter that the claimant has sustained a "progression of the peripheral neuropathy suffered as a result of the surgical repair of the March 13, 1993 hernia."

The majority maintains that this statement, coupled by a comment about the lack of a documented objective change in appellant's physical condition, imposed an unauthorized requirement of objective findings to support a claim for additional benefits. Read in the context of the whole record, the Commission merely declared that appellant's allegations of changed circumstances have not been substantiated by any credible proof from the medical community. The Commission declared that the appellant exaggerated the extent of his affliction in its earlier decision. The only proof on the changed circumstances allegation came from appellant and from treatment providers. The Commission was certainly entitled to disbelieve appellant in the later instance where his self-serving testimony about his medication intake and other complaints was not corroborated by any persuasive proof from any treatment provider, where he had not sought treatment for his complaints of depression from the Veterans Administration (claiming that he distrusted the service he would receive from the VA in that treatment), and where appellant had apparently sought no other medical treatment consistent with his alleged increase in peripheral neuropathy for several years.

This case is not about the legal effect of the original decision in *Tuberville*. It is merely about whether the Commission's opinion contains a substantial basis for denial of the relief appellant sought. Given the Commission's ability to weigh the evidence and assess the appellant's credibility, I see no reason to reverse.

I am authorized to state that Judges BIRD and CRABTREE join in this dissenting opinion.