John O'HARA *v.* J. CHRISTY CONSTRUCTION CO., INC., AETNA Life & Casualty Insurance & Second Injury Fund

CA 07–631                                        272 S.W.3d 842

Court of Appeals of Arkansas
Opinion delivered January 30, 2008

[Rehearing denied April 16, 2008.]

*Compton, Prewitt, Thomas & Hickey, LLP*, by: *Floyd M. Thomas, Jr.*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Betty J. Hardy*, for appellees.

KAREN R. BAKER, Judge. In this case we are asked to address when the accrual of permanent total disability benefits should commence after the modification of a previous award of wage loss based upon permanent partial disability benefits. A majority of the Workers' Compensation Commission found that the date for beginning the award of permanent total disability benefits was May 10, 2006, the date of the Commission's opinion and order after remand finding that appellant had proved under the odd-lot doctrine

that he was permanently and totally disabled. Appellant asserts two points of error: (1) The Workers' Compensation Commission erred by fixing the commencement of appellant's permanent total disability benefits as the date of its order finding appellant totally and permanently disabled as opposed to an earlier date such as the filing of the claim or the date of the last hearing; (2) The Workers' Compensation Commission erred by not awarding appellant a 20% penalty for late payment, plus interest and attorney's fees on the permanent and total disability payments that accrued before the Full Commission's opinion of May 10, 2006. For the reasons discussed herein, we affirm as modified.

This is not the first appeal of this matter. In our most recent disposition of an appeal of this case, we remanded the matter for the Commission to determine whether appellant fell within the odd-lot doctrine. Section 24 of Act 796 of 1993, now codified at Ark. Code Ann. § 11-9-522(e) (Repl. 1999) abolished the odd-lot doctrine for permanent disability claims based on injuries that occurred after July 1, 1993; however, the doctrine was applicable to appellant's claim stemming from his March 1993 injury.On remand, the Full Commission found that appellant was permanently and totally disabled pursuant to the odd-lot doctrine; however, the order failed to identify the starting date for the benefits of total permanent disability. Upon petition by appellant for the identification of the date from which appellant was deemed to be permanently and totally disabled, the Full Commission issued an opinion filed May 2, 2007, wherein the Full Commission adopted the May 10, 2006, opinion date as the date from which benefits for total permanent disability would begin. Appellees argue that there was no language in the May 10, 2006, opinion stating the award dated back to a date prior to May 10, 2006, and there was nothing in the opinion directing appellees to pay accrued benefits in lump sum. Appellant argues that the evidence was complete at the initial hearing.

A history of appellant's injury and the continued degeneration of his condition may assist in understanding the parties' arguments. Appellant John O'Hara suffered from a compensable work-related hernia on March 13, 1993, which was accepted by his employer, appellee J. Christy Construction Company. This case is controlled by the statutes and case law in effect prior to the workers' compensation law enacted in 1993. After appellant underwent surgery and convalescence, he suffered a compensable complication, that being neuropathy due to femoral nerve impingement. The impingement caused his right leg to have a

burning, prickling sensation. Another surgery was performed to release the nerve, which improved his condition but did not eradicate the symptoms. His healing period ended in July 1994, whereupon he was given a twenty-percent permanent partial impairment rating to the body. All related benefits were accepted and paid by the employer up to this point. In 1996, appellant filed a claim for additional benefits in wage loss or permanent total disability, at which point the appellee controverted the claim.

The testimony taken at the hearing in March 1997 included appellant explaining his high school education and noting his disability in reading, his work history in the Air Force and then in construction, and his present physical condition. Appellant was forty-nine years old at that time. He testified that he could not work because his nerve injury prevented him from walking, standing, or exerting himself for any extended period of time. Nevertheless, appellant continued to work his cattle and farm acreage as best he could with constant pain and side effects from his medications. Video surveillance of appellant during that time showed that appellant smoked cigarettes, drove a truck, and walked with a limp. Appellee put on evidence of possible jobs that appellant could do, outside his ability and training. Appellant admitted that he had not sought any other employment because he did not think he was capable of a full day's work. After reviewing the medical records and the other testimony and evidence, the administrative law judge issued an opinion in July 1997 that appellant was entitled to thirty-percent wage loss. Appellee appealed, and the Commission concluded that appellant was poorly motivated to return to work and somewhat exaggerating his symptoms, but also that he suffered a significant complication from his work injury that affected his earning capacity. It noted his inability to return to heavy manual labor, his age, limited education, and work experience. The Commission concluded in an opinion issued in February 1998 that appellant was entitled to twenty-percent wage loss over his twenty-percent impairment rating, a forty-percent total rating. On appeal, our court affirmed the Commission's decision in an unpublished opinion. *O'Hara v. J. Christy Constr.*, CA98-599, 1999 WL 116280 (Mar. 3, 1999).

Appellant filed another claim for additional wage loss or disability, which was the subject of a hearing in April 2003, six years after the last hearing. Appellant testified that his leg pain is worse than it was back in 1997, that he now wears a brace on his right leg because he suffered from a club foot, that he could not

raise or lower his big toe, that he had continued falling spells, and that this was a progression of his nerve neuropathy. These worsened complications necessitated that he now use a TENS unit to ease the pain down his leg into his foot, and that he take more medication for pain and sleep. Appellant stated that he is less able to walk, that he is tired and weak all the time, and that he had sold cattle and timber because he could not do the family farm work as he had before. He rated his pain in 1997 as a six, whereas it was now between a seven and eight. At the time of this hearing, appellant was fifty-five years old. In an opinion filed on August 15, 2003, the administrative law judge found appellant to be entitled to an additional thirty-percent wage loss. Appellee appealed, and the Commission reversed in a January 13, 2005 opinion, which this court reversed and remanded on appeal. *See O'Hara v. J. Christy Constr. Co.*, 94 Ark. App. 143, 227 S.W.3d 443 (2006).

Our court held that the Commission erred when it stated that appellant's claim for increased permanent disability benefits in 2003 was barred by res judicata, because his claim was based upon changes in his condition *post-1997*. *O'Hara*, 94 Ark. App. at 145, 227 S.W.3d at 445. This court also held that the Commission erred by inaccurately analyzing the issue of wage-loss disability. We remanded for the Commission to reconsider whether appellant demonstrated a change in physical condition that would support his claim for additional wage-loss disability, and to consider, if appellant did not qualify for additional wage-loss disability under the proper analysis, whether appellant fell within the odd-lot doctrine. Appellant's injury occurred prior to the Arkansas Assembly's abolition of the doctrine by Act 796 of 1993. Although the doctrine was applicable to the analysis of this case, the Commission failed to render a finding on that issue.

In an opinion dated May 10, 2006, after remand, the Commission found that appellant had made a prima facie showing that he was in the "odd-lot" category, and that the employer did not meet its burden of showing that some kind of suitable work was regularly and continuously available to appellant. Accordingly, the Commission awarded benefits for permanent and total disability benefits; however, the May 10 opinion did not specify the date from which appellant's entitlement to benefits began. The Commission subsequently entered an opinion and order filed May 2, 2007, finding that benefits began on May 10, 2006, the date that the subsequent order awarding permanent and total disability benefits was filed.

We agree with appellant's observations that the evidence was complete upon the conclusion of the hearing held on April 17 of 2003. However, pursuant to the statute, our focus must be on the review and subsequent award of benefits. The benefits in this case arise out of appellant's permanent disability and the concurrent obligation to pay for a permanent disability that has deteriorated in nature from a partial to total disability status. Arkansas Code Annotated section 11-9-713 provides that former awards may be modified by the Commission upon a "change in physical condition." Ark. Code Ann. § 11-9-713(a)(2) (Repl. 2002 & Supp. 2007). However, "[n]o review shall affect any compensation paid pursuant to a prior order or award." Ark. Code Ann. § 11-9-713(c) (Repl. 2002 & Supp. 2007).

The Commission's erroneous denial of benefits in its January 13, 2005, opinion raises the question of whether the legislature intended to limit the prospective application of the modification to orders that are correctly entered in accordance with the law regardless of how many times erroneous orders rejecting the modification may have been entered. We are guided by our legislature's specific declaration that "the purpose of the workers' compensation code is to provide for disability benefits for injured workers, to pay timely temporary and permanent disability benefits to all legitimately injured workers that suffer an injury or disease arising out of and in the course of their employment." Ark. Code Ann. § 11-9-1001 (Repl. 2002). Therefore, any action which operates to divest an employee of rights under Arkansas workers' compensation law should be viewed with extra scrutiny. *Williams v. Johnson Custom Homes*, 100 Ark. App. 60, 264 S.W.3d 569 (2007). To hold that the accrual of benefits to a modification accrues only after a series of appeals and remands finally results in a correct disposition of the injured workers' claim would divest an employee of his rights to timely payments of benefits. Accordingly, we hold that the accrual of benefits began at the time the first order in the case addressing the modification was entered, August 15, 2003, which was the order entered by the Administrative Law Judge. We affirm the Commission's decision with the entry of this modification.

We find no error in the Commission's decision that pursuant to Ark. Code Ann. § 11-9-802(c), no penalty was due because the order entered on May 10, 2006 was the award contemplated by that statute. Accordingly, we affirm on that point.

Affirmed as modified.

GLOVER and HEFFLEY, JJ., agree.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
APRIL 16, 2008

KAREN R. BAKER, Judge. The Appellant John O'Hara petitioned this court for rehearing asserting that the opinion in *O'Hara v. J. Christy Constr. Co.*, 101 Ark. App. 212, 272 S.W.3d 842 (2008) failed to address the issue of Mr. O'Hara's entitlement to interest on the installments of compensation that the court found were due but not paid between August 15, 2003, and May 10, 2006. Arkansas Code Annotated section 11-9-809 (Repl. 2002) specifically entitles Mr. O'Hara to interest on all accrued and unpaid compensation. Our decision specifically held that the accrual of benefits began on August 15, 2003. By operation of law, Mr. O'Hara is entitled to interest on benefits accrued and unpaid from that date. Accordingly, the petition for rehearing is denied.

GLOVER, MARSHALL, VAUGHT, HEFFLEY, and MILLER, JJ., agree.