Alvon Glenn CARIKER *v.* OZARK OPPORTUNITIES and
Wausau Insurance Companies

CA 98-355                                        987 S.W.2d 736

Court of Appeals of Arkansas
Division I
Opinion delivered January 27, 1999

*Carney Law Firm, P.A.*, by: *Mark D. Carney*, for appellant.

*Anderson, Murphy, & Hopkins, L.L.P.,* by: *Randy P. Murphy* and *David A. Littleton,* for appellees.

TERRY CRABTREE, Judge. In this Workers' Compensation case, Alvon Cariker appeals alleging that the Commission incorrectly applied the doctrine of *res judicata* in regard to his additional compensation sought for his work-related injury. We reverse and remand.

Appellant sustained a compensable injury on November 9, 1993, when he amputated his right middle finger while using a table saw during the course and in the scope of his employment. Appellees accepted the injury as compensable and paid benefits. Appellant, who continued to suffer problems with his hand, and in anticipation of moving to Tennessee, requested a change of physician, and a hearing was held on June 7, 1995, before Administrative Law Judge (ALJ) Gary Shelton. Judge Shelton resigned before rendering an opinion, and Judge Michael White rendered the opinion on November 2, 1995. After reviewing the medical records admitted at that time, and the testimony of the appellant, Judge White found that appellant failed to prove by a preponderance of the evidence that further evaluation or treatment for reflex sympathetic dystrophy, causalgia, or any other chronic pain syndrome was necessary for treatment of his compensable injury, and therefore, denied the requested change of physician. However, Judge White also ordered that appellant was authorized to return to Dr. Knox in Mountain Home for treatment of his injury as he continued to suffer from problems which might require future treatment.

Thereafter, the appellant returned to Dr. Knox, who noted the dystrophic shiny skin, restricted movement of the hand, and the incessant pain, and diagnosed appellant as suffering from reflex sympathetic disorder caused by the amputation. Dr. Knox referred appellant, who had by this time moved to Tennessee, to St. Bernard's Regional Medical Center in Jonesboro. Through Dr. Knox's chain of referral, appellant was treated by Dr. Hackbarth and Dr. Jordan who concurred in the diagnosis of causalgia and reflex sympathetic dystrophy. On October 8, 1996, appellant

underwent surgery to remove a nerve to help alleviate the severity of his condition.

Respondents controverted all treatment received from Dr. Knox and those in his chain of referral, including the surgery, claiming that said treatment was not reasonable and necessary. Respondents contended that appellant's request was barred by the doctrine of *res judicata* and collaterally estopped by the opinion rendered by Judge White.

A hearing was held before ALJ Elizabeth Danielson who rendered an opinion filed February 3, 1997. She found that the treatment rendered by Dr. Knox and those in his chain of referral was reasonable, necessary, and required by appellant's injury. Judge Danielson also found that the issue of *res judicata* did not bar appellant's recovery as Judge White had, in the initial opinion, rejected appellee's contention that claimant was not entitled to additional treatment and authorized his return to Dr. Knox for treatment of continuing problems related to the compensable injury.

The full Commission reversed Judge Danielson's award by finding that appellant's request for treatment for reflex sympathetic dystrophy and causalgia by Dr. Knox and those in his chain of referral was barred by the doctrine of *res judicata*.

The Commission's ruling is reversed and remanded in part regarding the additional compensation allowed by Judge White's opinion.

*Res judicata* does apply to this case, but does not bar reasonable and necessary treatment of appellant's compensable injury. Judge White stated in his opinion that:

> Claimant had admittedly sustained a traumatic physical injury, and he continues to suffer from problems which may require medical treatment in the future. Therefore, I find that he is authorized to return to Dr. Knox for any medical treatment that is reasonably necessary for treatment of the compensable injury. *The claimant is authorized to obtain any medical treatment reasonably necessary for treatment of the compensable injury from Dr. Knox.* (Emphasis added.)

Dr. Knox stated clearly that appellant was suffering from his compensable injury and that treatment was reasonable and necessary. Two other doctors, Hackbarth and Jordan, concurred with Dr. Knox.

■ ■ *Res judicata* does not, in this case, bar a determination that a subsequent period of complications may entitle a claimant to additional benefits, so long as the subsequent period of complications is distinguishable from those that existed at the time the first issue was litigated. Merely because Judge White found that the claimant was not entitled to a change of physician based upon the physical condition at that time, does not mean if the claimant's condition deteriorates or changes in some other way he would not be entitled to further medical care. In this case, it was one year before the appellant returned to Dr. Knox and Dr. Knox fully described the appellant's condition and need for treatment. The referrals from Dr. Knox and subsequent chain of treatment are compensable.

Reversed and remanded.

ROBBINS, C.J., and NEAL, J. agree.