

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-487

| | |
|---|---|
| HENRY MICHAEL SHAVER | **Opinion Delivered** March 4, 2015 |
| APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION |
| V. | COMMISSION |
| | [No. G107649] |
| ASHLEY COUNTY DETENTION CENTER, AAC RISK MANAGEMENT SERVICES, and DEATH & PERMANENT TOTAL DISABILITY TRUST FUND | |
| APPELLEES | AFFIRMED |

### LARRY D. VAUGHT, Judge

Appellant, Henry Michael Shaver, appeals the Arkansas Workers' Compensation Commission's denial of additional temporary-total-disability benefits. We affirm.

Shaver was employed as a jailer for the appellee, Ashley County Detention Center ("ACDC"). On August 16, 2011, he suffered a low back injury during a training exercise. Appellees accepted Shaver's claims that the injuries were compensable and initially paid benefits. However, disputes arose over the extent of the compensable injury, Shaver's entitlement to additional medical benefits, and his entitlement to temporary-total-disability benefits. A hearing was held before an administrative law judge ("ALJ") on November 29, 2012. At that hearing, the evidence demonstrated that three of Shaver's doctors had approved him for light-duty work, and Dr. Barry Baskin had found him to be at maximum medical improvement by June 2012. The ALJ issued an order on February 27, 2013, finding that Shaver was entitled to additional medical benefits in the form of pain-management treatment with Dr. Amir Qureshi, Shaver had

reached maximum medical improvement in July 2012, and Shaver had failed to prove entitlement to additional temporary-total-disability benefits. This order was not appealed.

Following the ALJ's order, Shaver continued treatment with Dr. Qureshi, including numerous injections and procedures, all of which were either unhelpful or provided only limited short-term relief from his back pain. ACDC offered Shaver at least two light-duty jobs, which Shaver declined. Shaver then filed a second request for additional medical benefits and additional temporary-total-disability benefits, which was controverted. A second hearing was held on October 9, 2013. Shaver testified that he could not walk more than 100 yards, could not sit or stand for long periods of time, could not lift more than ten pounds, and had severe pain upon twisting and bending. He testified that he had turned down the light-duty jobs that ACDC had offered him because he physically could not perform the job responsibilities. One position, as a tower guard, would have required him to climb up and down twenty to twenty-five steps each day. The second position was guarding inmates while they worked in the garden, and Shaver testified that he did not feel capable of physically restraining or subduing an inmate should the need arise.

Dr. Qureshi testified by deposition that he had been treating Shaver for disc and joint pain and the treatment included epidural injections, facet blocks, radiofrequency nerve ablation, and prescribed pain medication. Dr. Qureshi and Shaver both testified that some treatments had been unbeneficial while others had provided partial relief for a relatively short period of time. Dr. Qureshi testified that Shaver was not able to work light-duty jobs and that he would not release Shaver to work until a functional-capacity evaluation was performed. However, Dr.

Qureshi also testified that Shaver could perform sedentary work where he was permitted to sit and stand as needed, where he could work without contact with inmates, and which he could perform while continuing to take daily pain medication and muscle relaxers. Dr. Qureshi admitted that, without a functional-capacity evaluation, he could not adequately assess Shaver's ability to work, and that his recommendations were based solely upon Shaver's reports of pain.

The ALJ, in an order dated December 23, 2013, found that (1) although Shaver reached maximum medical improvement in July 2012, he had entered a new healing period as of March 6, 2013, and had not yet reached maximum medical improvement; (2) Shaver's claim for additional benefits was not barred by res judicata because his condition had materially changed since the last order; (3) Shaver was entitled to additional medical benefits and the recommended treatment by Dr. Qureshi was reasonable, necessary, and related to the compensable injury, and (4) Shaver was entitled to additional temporary-total-disability benefits from March 6, 2013, to a date yet to be determined. Appellees appealed to the Commission.

On May 6, 2014, the Commission issued an opinion reversing the ALJ's award of additional temporary-total-disability benefits. The Commission found that res judicata barred Shaver's claim for additional temporary-total-disability benefits. It found that there had been no material change in Shaver's condition following the previous order because there had been no new diagnostic studies performed to show an anatomical change, Shaver had not presented proof that he had sustained a new compensable injury or a compensable aggravation of his original injury, and there was no intervening event that would have affected his condition. The Commission found that Shaver only alleged a change as to his subjective reports of pain, not his

physical condition, and that there was no evidence that continued treatment with Dr. Qureshi would improve his physical condition (although it might improve his pain). Alternatively, the Commission held that, even if res judicata did not bar the claim, Shaver had not proved he was entitled to additional temporary-total-disability benefits because he failed to prove that he was still within the healing period or had entered a new healing period and that he was completely unable to work. Shaver appeals the Commission's decision.

In reviewing decisions from the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Parker v. Comcast Cable Corp.*, 100 Ark. App. 400, 404, 269 S.W.3d 391, 394 (2007); *Jones v. Xtreme Pizza*, 97 Ark. App. 206, 245 S.W.3d 670 (2006). Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Parker*, 100 Ark. App. at 404, 269 S.W.3d at 394.; *Mays v. Alumnitec, Inc.*, 76 Ark. App. 274, 64 S.W.3d 772 (2001). All evidence must be evaluated in the light most favorable to the Commission's decision. *Parker*, 100 Ark. App. at 404, 269 S.W.3d at 394. If reasonable minds could reach the same decision as the Commission, we must affirm. *Id.*, 269 S.W.3d at 394.

Shaver argues that the Commission erred in finding that res judicata barred his request for additional temporary-total-disability benefits. Res judicata applies where there has been a final adjudication on the merits of an issue by a court of competent jurisdiction on all matters litigated and those matters necessarily within the issue which might have been litigated. *Castleberry v. Elite Lamp Co.*, 69 Ark. App. 359, 13 S.W.3d 211 (2000). Res judicata applies to the

SLIP OPINION

Commission decisions if the merits of the issue have already been subject to a full and fair hearing, unless there is evidence of a change following the previous order. *Beliew v. Stuttgart Rice Mill*, 64 Ark. App. 334, 987 S.W.2d 281 (1998); *Cariker v. Ozark Opportunities*, 65 Ark. App. 60, 987 S.W.2d 736 (1999).

The Commission found that res judicata barred Shaver's claim because he had already litigated the issue of temporary-total-disability benefits and there had been no material change in his condition since the first order. We agree. Shaver presented no evidence of a physical change in his condition. Instead, he argued that medical treatment had not provided significant pain relief and that a new doctor assessed his ability to work differently than his previous doctors had. While it is true that Dr. Qureshi's assessment of his ability to work was much more favorable to his claim than his previous doctors' assessments had been, the fact that he now has better evidence to support his claim does not amount to a material change. Shaver argues that his physical condition has deteriorated, but there was no medical evidence to support that contention. Because Shaver failed to demonstrate a material change in his condition, the Commission correctly determined that res judicata barred his second attempt to recover temporary-total-disability benefits.

Alternatively, the Commission found that Shaver had failed to prove entitlement to additional temporary-total-disability benefits. Because the record contains substantial evidence to support the Commission's decision, we affirm. *Parker*, 100 Ark. App. at 404, 269 S.W.3d at 394. Shaver's doctors previously determined that he was able to work, and as discussed above, there has not been a material change to Shaver's physical condition since those

recommendations. Dr. Qureshi testified that Shaver should be able to do sedentary work if he is able to sit and stand as needed and would not have to work with inmates. Dr. Qureshi also testified that he could not adequately assess Shaver's ability to work without a functional-capacity evaluation, which had not been performed. He admitted that his testimony regarding Shaver's ability to work was based upon Shaver's own reports of pain and Qureshi had no way to verify that information. Given our standard of review, the fact that Shaver had previously been released to work and found to be at maximum medical improvement, and the fact that Shaver failed to prove that his condition had changed since the previous order, we must affirm the Commission's decision that Shaver failed to prove entitlement to additional temporary-total-disability benefits.

Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*Thomas Law Firm*, by: *F. Mattison Thomas III*, for appellant.

*Michael E. Ryburn*, for appellee.