

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-16-743

| | |
|---|---|
| NUCOR YAMATO STEEL COMPANY AND SEDGWICK CLAIMS MANAGEMENT SERVICE     APPELLANTS | Opinion Delivered: March 1, 2017 |
| | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. F910330] |
| V. | |
| LAWRENCE L. KENNEDY     APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Nucor Yamato Steel Company (Nucor) appeals from an order of the Workers' Compensation Commission that awarded additional medical treatment to appellee Lawrence Kennedy for treatment of his compensable left carpal tunnel syndrome, to include carpal tunnel release surgery. On appeal, Nucor argues that Mr. Kennedy's claim for additional medical benefits was barred by the statute of limitations. Nucor argues in the alternative that additional medical treatment for Mr. Kennedy's left carpal tunnel syndrome was not reasonable and necessary. We affirm.

In appeals involving claims for workers' compensation, the appellate court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Williams v. Ark. Dep't of Cmty. Corr.*, 2016 Ark. App. 427, 502 S.W.3d 530. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* The Commission has the authority to accept

SLIP OPINION

or reject medical opinions, and its resolution of the medical evidence has the force and effect of a jury verdict. *Id.* Finally, this court will reverse the Commission's decision only if it is convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Id.*

Mr. Kennedy began working for Nucor in 1992 and was assigned to various positions. He eventually became a "coil crimper," which is a hand-intensive job. The parties stipulated that Mr. Kennedy sustained compensable bilateral carpal tunnel syndrome on August 8, 2009. Mr. Kennedy came under the care of Dr. William Bourland, who on August 19, 2009, reported that right-wrist release surgery would be performed first, followed by left-wrist release surgery after Mr. Kennedy had recovered from the first surgery. Dr. Bourland performed right-wrist release surgery on November 17, 2009. After that, Mr. Kennedy continued to be treated for both right- and left-wrist carpal tunnel, but release surgery on his left wrist was not performed.

The parties had a previous dispute in this case over Mr. Kennedy's entitlement to additional medical treatment. After a hearing in that proceeding, the administrative law judge issued an opinion on March 13, 2013, finding that Mr. Kennedy was entitled to additional medical treatment for his bilateral carpal tunnel syndrome. Nucor did not appeal from that decision.

Subsequent to the March 2013 hearing where the additional medical treatment was ordered, on August 5, 2013, Dr. Richard Wirges evaluated Mr. Kennedy and gave the impression of mild right carpal tunnel syndrome and mild to moderate left carpal tunnel syndrome. Mr. Kennedy continued to experience problems with his right hand, and Dr.

Wirges performed a repeat right carpal tunnel release surgery on October 16, 2013. After a follow-up visit on October 29, 2013, Dr. Wirges reported that once Mr. Kennedy's right hand was healed, he would reevaluate the situation and decide whether the left hand would benefit from surgery.

In a report dated November 26, 2013, Dr. Wirges noted that Mr. Kennedy's left carpal tunnel had so far responded to conservative treatment. Dr. Wirges further indicated that Mr. Kennedy wanted to "get through his right hand first to make sure it does well" before discussing further treatment to the left hand. On June 10, 2014, Dr. Michael Chesser evaluated Mr. Kennedy and noted continued mild to moderate left carpal tunnel syndrome. On October 31, 2014, Dr. Wirges performed an injection to Mr. Kennedy's left carpal tunnel. On December 9, 2014, Dr. Wirges reported that the left-hand injection had provided some relief to Mr. Kennedy, but that his symptoms were beginning to return. Dr. Wirges gave the opinion that Mr. Kennedy would benefit from a left carpal tunnel release. The last report authored by Dr. Wirges came on May 11, 2015, wherein Dr. Wirges gave the following history:

> This is a 54-year-old gentleman well known to us is a problem is the right upper extremity was started after carpal tunnel release [sic]. At that time he was also diagnosed with left carpal tunnel syndrome, [he decided] not to undergo/proceed with a left carpal tunnel release because his right hand was not doing well. Ever since that we've been dealing with the right side to try to get [it] better, but the left side has had symptoms the whole time. He is now at the point [where] the right side is well enough to undergo the left carpal tunnel release. He did have a positive improvement with the injection to the left side so we scheduled for a left carpal tunnel release back in December. However, this was denied. He is now back today with the same symptoms and is still ready for left carpal tunnel release. He is still willing and able to go through a left carpal tunnel release surgery. He has no change in exam from back in December.

SLIP OPINION

On June 9, 2015, Mr. Kennedy filed a written claim asking for surgery and additional pain medication for treatment of his left carpal tunnel syndrome. Nucor contested the claim for additional benefits, and a hearing was held on October 2, 2015. The Commission subsequently ruled that Mr. Kennedy proved entitlement to additional treatment for his left carpal tunnel syndrome, to include release surgery, and that Mr. Kennedy's claim for additional treatment was not barred by the statute of limitations.

Nucor's first argument on appeal is that the Commission erred in finding that the applicable statute of limitations did not bar Mr. Kennedy's claim for additional benefits. Arkansas Code Annotated section 11-9-702(b)(1) (Repl. 2012) provides:

> (b) TIME FOR FILING ADDITIONAL COMPENSATION.
> (1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.

Nucor contends that Mr. Kennedy's claim for additional benefits was barred by the one-year limitations period set forth above.

We hold that Mr. Kennedy's claim for additional benefits for medical treatment of his left carpal tunnel syndrome was not barred by the statute of limitations. The one-year limitations period begins to run from the last payment of compensation, which the supreme court has held means from the date of the last furnishing of medical services. *Plante v. Tyson Foods, Inc.*, 319 Ark. 126, 890 S.W.2d 253 (1994). The take-away from *Plante* is that although the statute contains no express tolling provision for an additional medical-benefits claim in particular, our supreme court has interpreted the statute to mean that the one-year limitations period may not begin to run until the last payment of compensation, which

means from the date medical services were last provided. *Nabholz Constr. Corp. v. White*, 2015 Ark. App. 102.

In this case it was stipulated that Mr. Kennedy sustained compensable bilateral carpal tunnel syndrome on August 8, 2009. Since that time, Nucor provided the appellant with ongoing medical treatment that included the services of several specialists, numerous diagnostic studies, and a myriad of other medical-treatment modalities to include medications, therapies, and surgeries. With respect to his left carpal tunnel syndrome, the record reflects that Mr. Kennedy was provided medical services through at least October 31, 2014, when he was administered injections by Dr. Wirges. As this date was well within the time that Mr. Kennedy made his claim for additional benefits requesting release surgery for his left carpal tunnel, his claim for additional benefits was timely filed.

We observe that, in Nucor's argument under this point, it places great weight on what it claims is an erroneous date contained in the Commission's opinion. In particular, the Commission found that Nucor's last payment of permanent partial disability benefits (Mr. Kennedy had been assigned a 10% permanent anatomical rating) was on December 2, 2011. Nucor asserts that this date was incorrect and directs us to documentation purportedly showing that the Commission was referencing a date concerning a proposed but unconsummated settlement between the parties. Whether the Commission used a wrong date in 2011 is irrelevant for purposes of *this appeal*. That argument may have been relevant in the March 2013 hearing, but Nucor chose not to appeal that decision. The doctrine of res judicata applies in workers' compensation cases, *Stallworth v. Hayes Mechanical, Inc.*, 2013 Ark. App. 188, and res judicata bars not only the relitigation of claims litigated in the first

proceeding, but also those which could have been litigated. *Parker v. Johnson*, 95 Ark. App. 213, 236 S.W.3d 1 (2006). If Nucor wanted to raise a statute-of-limitations issue regarding an alleged incorrect date in the 2013 proceeding, it was required to do so then. It is too late to raise it now. We note that Nucor makes no argument on appeal that the one-year limitations period expired sometime after the ALJ's March 13, 2013 opinion awarding additional medical benefits was issued.

Nucor's remaining argument is that additional medical treatment for Mr. Kennedy's left carpal tunnel syndrome is not reasonable or necessary. Arkansas Code Annotated section 11-9-508(a) provides that an employer is required to provide for an injured employee such medical services as may be reasonably necessary in connection with the injury received by the employee. It is the employee's burden to prove by a preponderance of the evidence that medical treatment is reasonable and necessary. *Goyne v. Crabtree Contracting Co.*, 2009 Ark. App. 200, 301 S.W.3d 16. Nucor contends that Mr. Kennedy decided to forego left–wrist release surgery for a period of six years, that the proposed surgery was based mostly on his subjective complaints, and that Mr. Kennedy failed to meet his burden of proving entitlement to the surgery.

We hold that substantial evidence supports the trial court's award for additional medical treatment to include the recommended left carpal tunnel release surgery. What constitutes reasonably necessary treatment is a question of fact for the Commission, which has the duty to use its expertise to determine the soundness of the medical evidence and to translate it into findings of fact. *Wise v. Village Inn*, 2015 Ark. App. 406, 467 S.W.3d 186. Objective nerve-conduction studies confirmed the ongoing presence of carpal tunnel

syndrome in both of Mr. Kennedy's wrists, and Dr. Wirges recommended left carpal tunnel release surgery for treatment of the compensable condition. In his reports, Dr. Wirges indicated that the initial focus had been on the right carpal tunnel, and that they were waiting to see how the right side responded to the surgeries before scheduling the left-side release surgery. It was within the Commission's province to credit Dr. Wirges's recommendation of left carpal tunnel release surgery, which Mr. Kennedy testified he wished to undergo because he did not want to take medication for the rest of his life. Leaving the resolution of medical opinions to the Commission, as we must, we affirm its finding that additional medical treatment for Mr. Kennedy's left carpal tunnel syndrome was reasonable and necessary.

Affirmed.

HARRISON and BROWN, JJ., agree.

*Jason Ryburn*, for appellants.

No response.