ROBERT J. GLADWIN, Judge
Appellant Larry Rothrock appeals the July 24, 2017 opinion of the Arkansas Workers' Compensation Commission (Commission) that affirmed the January 30, 2017 opinion of the administrative law judge (ALJ) ruling that appellant's claim for additional medical treatment after April 4, 2016, was barred by res judicata. Appellant argues that the Commission erred in (1) requiring appellant to prove that res judicata did not bar his claim; (2) ruling that res judicata barred appellant's claim; and (3) finding that substantial evidence supported its finding that res judicata barred appellant's claim. We affirm.
I. Facts
On April 30, 2013, appellant sustained a compensable injury to his lower back at work when he was lifting a tub of melted plastic that weighed an estimated forty to fifty pounds. Appellant was initially treated at Arkansas Occupational Health Clinic from May 1 through June 6, 2013. He obtained a change of physician to Dr. Michael Morse at Neuroscience Institute on July 23, 2013. Dr. Morse saw appellant on August 19, 2013, and referred him to Dr. Knox at NWA Neurosurgery Clinic. Dr. Knox ordered a bone scan, and appellant returned on September 16, 2013, to review the results. Dr. Knox was unable to recommend any further neurosurgical treatment and assigned appellant a five percent disability rating to the body as a whole.
Appellant subsequently sought treatment almost two years later at UAMS Family Medical Center on July 10, 2015, for reports of low-back pain. An MRI was ordered on July 31, 2015, and performed at Washington Regional Medical Center on August 9, 2015. Appellant returned on August 17, 2015, and was instructed to follow up with Dr. Knox, which he did on September 29, 2015. Dr. Knox recommended an injection and physical therapy. Appellant returned to Dr. Knox on December 21, 2015, and Dr. Knox recommended continued physical therapy.
Appellant sought compensation for the 2015 treatment at UAMS and the follow-up treatment with Dr. Knox. Appellee controverted the additional treatment, and a hearing was held on January 5, 2016. The ALJ issued an opinion dated April 4, 2016, denying appellant's claim and specifically ruling that appellant failed to prove that *64 the 2015 treatment was reasonable and necessary. That decision was not appealed.
Dr. Knox corresponded with appellant's attorney on April 14, 2016:
Concerning causation of his continuing difficulties, [appellant] dates them back to the injury occurring on 04/30/13. He has been quite consistent with his continuing difficulties and complaints. I do not believe surgery would be in his best
interest. His continuing difficulties, as well as pain and need for continued treatment are due to the above mentioned injury.
Appellant saw Dr. Knox on June 6, 2016. The history provided on that date was substantially the same as the histories given on September 29, 2015, December 21, 2015, and March 7, 2016. Dr. Knox reported on June 6, 2016,
We discussed the possibility of surg. He assured me he is quite motivated to avoid surg. He has an unusual L4 vert body that has resulted in hyperlordosis of the L spine.
Impression: The surgical and non-surgical treatment options available for the management of the patient's spine problem were discussed. The details of lumbar disk surgery, including the potential risks, were discussed with the patient ... The patient requested that we proceed as advised.
Appellant subsequently filed another claim for additional medical treatment, contending that he was "presenting a new issue as to whether he was entitled to additional medical treatment" after the April 4, 2016 opinion. The only record of treatment after April 4, 2016, was the visit to Dr. Knox on June 6, 2016, when he discussed the possibility of surgery.
Appellee contended that this additional treatment was "barred by res judicata and collateral estoppel" and by the statute of limitations. A hearing was held on November 1, 2016, and the ALJ ruled in its January 30, 2017 opinion that appellant's claim for additional treatment after April 4, 2016, was not barred by the statute of limitations but was barred by res judicata. Appellant filed an appeal with the Commission, challenging the ruling on res judicata. Appellee filed a cross-claim, challenging the finding on the statute of limitations.
The Commission affirmed the ALJ's decision and ruled that appellant's claim was barred by res judicata in its opinion filed on July 24, 2017. The Commission found that appellant "did not prove there was a change in his physical condition." Because the Commission found that appellant's claim was barred by res judicata, it did not address the statute of limitations. Appellant received the Commission's decision on July 31, 2017, and filed his timely notice of appeal on August 22, 2017.
II. Standard of Review
Our court recently reiterated our standard of review for appeals from the Commission in Herrera-Larios v. El Chico 71 , 2017 Ark. App. 650, 535 S.W.3d 305. When reviewing a decision from the Commission, the appellate court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirms that decision if it is supported by substantial evidence. Id. Substantial evidence is that evidence that a reasonable mind might accept as adequate to support a conclusion. Id. The issue is not whether the appellate court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, we must affirm the decision. Id. When the Commission denies a claim because of a claimant's failure to meet his or her burden of proof, the *65 substantial-evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief. Id.
III. Discussion
A. Did the Commission Err in Requiring Appellant to Prove Res Judicata Did Not Bar His Claim?
Res judicata is an affirmative defense, and the party asserting this defense has the burden of proof. See JeToCo Corp. v. Hailey Sales Co. , 268 Ark. 340, 596 S.W.2d 703 (1980). Because appellee asserted that appellant's claim for additional benefits was "barred by res judicata and collateral estoppel," appellant submits that the Commission improperly placed the burden of proof on him, stating in its ruling that "appellant did not prove there was such a change in his physical condition." Appellant contends that placing the burden of proof on him was an error of law warranting remand with proper instructions from this court for the Commission to apply the correct legal standard.
We disagree and hold that the Commission did not err in requiring appellant to prove that he sustained a change in his physical condition in order to overcome the application of the doctrine of res judicata. Although as an affirmative defense, appellee carried the burden of proving that appellant's claim is barred by res judicata, res judicata does not apply if appellant has sustained a change in condition or seeks benefits for a subsequent period of complications. O'Hara v. J. Christy Constr. Co. , 94 Ark. App. 143, 227 S.W.3d 443 (2006) ; Cariker v. Ozark Opportunities , 65 Ark. App. 60, 987 S.W.2d 736 (1999). Before analyzing the claim under the doctrine of res judicata, the burden of proof rested with appellant to establish whether there had been a change in his physical condition. See Shaver v. Ashley Cty. Det. Ctr. , 2015 Ark. App. 151, at 6, 2015 WL 1000803. Accordingly, it was proper to require appellant to prove by a preponderance of the evidence that he sustained a change in condition, which he failed to do.
Appellant contended at the second hearing before the ALJ that he experienced a change in condition because he now has pain and symptoms in his right leg that he did not have when he first sought additional treatment. Specifically, appellant testified that he was having "sharp pains going into my right leg now" that began in March of 2016. Appellant further testified that Dr. Knox had only now recommended surgery.
But, as noted by the Commission, appellant first complained of pain in his right leg to Dr. Moffitt no later than May 8, 2013, when Dr. Moffitt recorded "pain going down his right leg to his knee." Likewise, Dr. Knox noted complaints of "con't LBP rad to bilateral hip ... Shooting pains in bilateral legs ... Occ tingling in the right foot" in his September 29, 2015, December 21, 2015, March 7, 2016, and June 6, 2016 office notes. Based on those notes, reasonable minds could find that appellant failed to prove that a change in condition occurred in his right leg; accordingly, the Commission correctly found that appellant failed to prove by a preponderance of the evidence that he sustained a change in condition such that res judicata no longer applies.
B. Did the Commission Err in Ruling That Res Judicata Barred Appellant's Claim?
Both the Arkansas Supreme Court and this court have held that the doctrine of res judicata is applicable to decisions of the Commission, which exercises quasi-judicial functions.
*66 Craven v. Fulton Sanitation Serv., Inc. , 361 Ark. 390, 206 S.W.3d 842 (2005) ; Nucor Yamato Steel Co. v. Kennedy , 2017 Ark. App. 126, 513 S.W.3d 895. Res judicata consists of two facets, one being issue preclusion and the other being claim preclusion. Craven, supra. Res judicata bars relitigation of claims that were litigated or could have been litigated. Id. The issue-preclusion provision of res judicata is also referred to as collateral estoppel and will bar relitigation of issues if the following requirements are met: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. Id. ;see also Johnson v. U.S. Food Serv., Inc. , 2013 Ark. App. 86, 2013 WL 543906.
Appellant maintains that the Commission improperly applied the doctrine of res judicata because the issue presented at the second hearing was not-and could not have been-presented at the first hearing. At the initial hearing, appellant was seeking additional medical treatment in addition to specific treatment already received from Dr. Thorn and Dr. Knox in 2015. At the second hearing, appellant presented a new claim for additional medical treatment that he received after the date of the ALJ's April 4, 2016 opinion-treatment that could not have been presented at the first hearing because it had not yet occurred.
Appellant submits that the ALJ's April 4, 2016 opinion did not forever bar any and all future medical treatment; rather, the opinion simply ruled that the specific treatment sought from Dr. Thorn and Dr. Knox in 2015 was not reasonable or necessary. Conversely, appellant acknowledges that if the ALJ's April 4, 2016 opinion had found that he was entitled to the additional medical treatment sought from Dr. Thorn and Dr. Knox, appellant could not use this ruling as res judicata that would somehow require appellee to pay for any and all future treatment. Because his claim for additional medical treatment following the April 4, 2016 opinion was not and could not have been presented at the initial hearing, appellant argues that his claim for additional benefits after April 4, 2016, was not barred by res judicata.
We disagree. Res judicata applies to workers'-compensation cases if the merits of the issue have already been subject to a full and fair hearing, see O'Hara , 94 Ark. App. at 146, 227 S.W.3d at 445-46, and bars the relitigation of not only issues actually litigated, but also those issues that could have been litigated. See Kennedy, supra. Appellee maintains that the factors required in Craven , supra , and Johnson , supra , were met in the present case.
While we acknowledge appellant's argument that the specific treatment at issue at the second hearing could not have been presented at the first hearing because it had not yet occurred, we agree with appellee's assertion that the underlying need for the treatment appellant sought both at the first hearing and the second hearing remained the same. The additional treatment sought that was presented at the first hearing was the treatment appellant received from Drs. Thorn and Knox for his low back pain. After hearing the testimony and reviewing the medical evidence, the ALJ found that the additional treatment sought was "not reasonable and necessary medical treatment for his compensable back injury" that occurred in 2013.
In order to have successfully met his burden, appellant had to prove that the abnormality for which he sought treatment from Drs. Thorn and Knox in 2015 was causally related to his 2013 compensable injury. See Williams v. Prostaff Temps. , 336 Ark. 510, 988 S.W.2d 1 (1999). He *67 failed to do so. In reaching his conclusion to the contrary, the ALJ examined the MRI reports that depicted "a congenital or non-acute objective finding for his difficulties" and found "it highly unlikely that the claimant's current complaints of difficulties are related to the his (sic) compensable low back injury which he sustained in April of 2013." In his initial opinion filed April 4, 2016, the ALJ thoroughly analyzed the additional medical treatment sought by appellant and the condition or abnormality it sought to remedy and found that appellant had failed to prove by a preponderance of the evidence that the complaints were related to the compensable injury.
While appellant presented a request for a new date of treatment at the subsequent hearing held on November 1, 2016, the abnormality which that treatment sought to remedy remained the same. Appellant saw Dr. Knox on March 7, 2016, and June 6, 2017, for the same complaints of lower-back pain for which he previously sought treatment on September 29 and December 21, 2015, and which was the subject of the first hearing. As explained above, the medical records related to those treatments fail to demonstrate a change in appellant's condition or a change in the abnormality for which treatment was sought. Accordingly, we hold that the Commission did not err in finding that appellant's request for additional medical treatment is barred by res judicata.
C. Was There Substantial Evidence to Support That Res Judicata Barred Appellant's Claim?
As previously discussed, res judicata does not bar litigation of new issues that were not or could not have been previously addressed in litigation. In workers'-compensation cases, even issues previously litigated can be relitigated if there has been some change in circumstances. See Cariker, supra. Appellant urges that, as in Cariker , supra , his condition did "deteriorate" or change in some way. Appellant claims that during the time between the April 4, 2016 denial of his first claim for additional medical benefits and the time he filed his second claim for additional medical benefits, he began having different symptoms in his right leg. He also testified that he had recently been missing work. Appellant points out that the ALJ noted in his second opinion that appellant "does have some different evidence and some subjective complaints of new difficulties in his right foot or leg," but still ruled that the claim was barred by res judicata.
Appellant states that in O'Hara , supra , this court ruled that objective findings were not necessary to prove a deterioration or change in condition. He also notes a letter that Dr. Knox wrote stating that the cause of appellant's continued symptoms was due to his original work-related injury. Before April 4, 2016, appellant was receiving conservative treatment through Dr. Knox, including physical therapy, injections, and medication. When appellant returned to Dr. Knox on June 6, 2016, after the April 4, 2016 opinion he reported that his pain had increased and was now rated as high as "7-9/10." Appellant's medication had changed to tramadol and amitriptyline. Appellant had completed physical therapy, but his pain level had increased. The report notes that Dr. Knox and appellant had "discussed the possibility of surg (sic)" but that appellant was "motivated to avoid surg (sic)."
At the hearing on November 1, 2016, appellant testified that he had been putting off surgery, but now feels that he needs it-which he regarded as the most notable change. Appellant maintained that there was evidence that his condition had deteriorated or changed as in Cariker .
*68 First, he testified that he had new symptoms in his right leg and that he was now having problems at work that he did not previously have. Second, he submitted that medical records indicated that his pain level had increased and that there was a change in his medication. He testified that although before April 4, 2016, he was trying conservative treatment with no mention of surgery, after April 4, 2016, it was apparent that conservative treatment was not effective, and he was now opting for surgery. He urges that these changes were sufficient to preclude res judicata.
We disagree. The Commission considered appellant's argument and determined that it was not supported by the evidence. The Commission specifically found: "The evidence demonstrates that the claimant complained of right leg symptoms no later than May 8, 2013, at which time Dr. Moffitt noted 'pain going down his right leg to his knee.' Dr. Knox reported 'shooting pains' in the claimant's legs bilaterally on September 29, 2015, along with tingling in the claimant's right foot and muscle spasm. Dr. Knox reported the same finding on December 21, 2015 and March 7, 2016." Accordingly, substantial evidence supports the Commission's finding that the alleged "new" or "changed" physical condition existed at the time of the first hearing.
Regarding appellant's argument that his condition has changed because he now has a causation letter from his treating physician and because surgery has now been recommended-when it was not a stated treatment option at the first hearing-we note that this evidence does not change the fact that appellant had already litigated whether additional medical treatment for his low-back complaints is reasonable and necessary in connection with his 2013 compensable injury. Although the causation letter discusses appellant's complaints since the date of injury, it does not identify a new or changed condition that is related to the underlying compensable injury that amounts to a change in physical condition. See Shaver, supra.
In Shaver , the claimant sought additional temporary total-disability benefits after such benefits had been denied by an ALJ. At the second hearing, the claimant presented evidence from his treating physician that he was unable to work. In affirming the Commission's finding that res judicata barred the claim, this court stated, "While it is true that Dr. Qureshi's assessment of his ability to work was much more favorable to his claim than previous doctors' assessments had been, the fact that he now has better evidence to support his claim does not amount to a material change." Shaver , 2015 Ark. App. 151, at 5. This court affirmed the Commission's determination that res judicata barred the second attempt to recover benefits. Id.
In this case, the letter from Dr. Knox does not establish a change in appellant's physical condition; rather, it is "better evidence" to support the issue presented at both hearings of whether the additional medical treatment sought was reasonable and necessary. In his letter dated April 14, 2016, Dr. Knox clearly stated, "I do not believe surgery would be in his best interest," and Dr. Knox's June 6, 2016 office note does not set forth any reason, explanation, or change in physical findings that would now make appellant a surgical candidate.
Dr. Knox documented in his most recent notes that the pros and cons of surgery were discussed with appellant, but that does not change that it had previously been determined that appellant's complaints of lower-back pain are not related to his compensable injury. Thus, even if surgery is now a treatment option, it does not change the fact that it is recommended *69 to address appellant's current complaints of pain that had previously been found to be unrelated to his compensable injury. Accordingly, substantial evidence supports the Commission's finding that appellant's claim for additional medical treatment for his lower-back pain is barred by the doctrine of res judicata.
Affirmed.
Whiteaker and Brown, JJ., agree.