Cite as 2019 Ark. App. 521

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-267

| | |
|---|---|
| LEXA PAGE | **Opinion Delivered** November 6, 2019 |
| APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G605299] |
| V. | |
| SOUTHWESTERN BELL TELEPHONE COMPANY/AT&T, INC.; OLD REPUBLIC INSURANCE COMPANY; AND SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. | |
| APPELLEES | AFFIRMED |

## LARRY D. VAUGHT, Judge

Lexa Page appeals the January 16, 2019 opinion of the Arkansas Workers'

Compensation Commission (Commission) finding that he failed to prove that (1) his

cervicothoracic syrinx is a compensable consequence of injuries he received as a result of a

work-related motor-vehicle accident, and (2) he is entitled to additional temporary total-

disability (TTD) benefits for the syrinx.[1] On appeal, Page argues that substantial evidence does

not support the Commission's opinion. We affirm.

On July 20, 2016, Page, who installed internet and telephone services for appellee

Southwestern Bell Telephone Company (SBTC), was driving his company van and was nearly

stopped at an intersection when he was rear-ended by a vehicle driven by a third party traveling

---

[1]The Commission also found that Page is not entitled to additional medical benefits
for the treatment of the syrinx; however, Page does not challenge that finding on appeal.

approximately fifty-five miles per hour. Page testified that his head hurt after the accident and that he was unable to finish working his shift. The next morning, Page sought medical treatment for neck and back pain along with right-arm tingling. From July 21, 2016, to February 2, 2018, Page was treated for neck and back pain by multiple doctors, including Dr. Joseph Deluca, Dr. Bill Dedman, Dr. Jay Lipke, Dr. David Connor, Dr. Christopher Mocek, Dr. P.B. Simpson, and Dr. Peter Campbell. Page also had an independent medical examination (IME) performed by Dr. Wayne Bruffett.

Page was diagnosed with strains to his cervical and thoracic spine. SBTC accepted these strains as compensable injuries and paid all medical and TTD benefits for these injuries through February 8, 2017.[2] Page was also diagnosed with a cervicothoracic syrinx or syringomyelia—a condition characterized by the formation of a fluid-filled cavity or cyst within the spinal cord. Page claimed that the syrinx was a compensable injury caused by the motor-vehicle accident and that he was entitled to additional medical and TTD benefits. SBTC controverted the claim for additional benefits for the syrinx, contending that it was not related to the motor-vehicle accident.

A hearing was held before an administrative law judge (ALJ) on April 4, 2018, at which Page and his supervisor, Martin Tunstall, testified and medical evidence was introduced. The medical evidence confirms—and the parties do not dispute—that Page suffers from a cervicothoracic syrinx. There is a dispute, however, as to the cause of the syrinx.

---

[2]The record reflects that Dr. Bruffett opined that Page reached maximum medical improvement for his cervical and thoracic strains on February 3, 2017. SBTC paid benefits to Page through February 8.

Family practitioner Dr. Dedman, on October 5, 2016, opined that Page's syrinx "is probably a normal congenital anomaly and is not causing any of his discomfort or pain." In a November 15, 2016 report, Dr. Simpson, a neurosurgeon, stated, "I do not think that I have anything to offer [Page] other than reassure him that his syrinx is not caused by the accident and also, it has nothing to do with his symptomatology in my estimation at this time, especially that related to low back pain." And in his February 3, 2017 IME report, Dr. Bruffett, an orthopedic surgeon, stated that "[t]he diagnosis related to the work injury is cervical and thoracic strain. I do not feel that this syrinx is related to the work injury. . . . I would not recommend specific treatment. I do feel he is at maximum medical improvement."

In contrast, neurosurgeon Dr. Campbell opined that Page's syrinx was caused by the motor-vehicle accident. On December 27, 2016, Dr. Campbell wrote that based on the MRI brain results, he did not see any underlying cause for the syrinx. He wrote, "Often times [a syrinx is] related to [a] traumatic incident[]. I feel that this is probably the most likely cause given his current medical presentation." On May 23, 2017, Dr. Campbell wrote, "I explained to [Page] that given the fact that he has symptoms now and did not have symptoms before, I think that it probably was caused from his injury." On October 31, 2017, Dr. Campbell wrote:

> Mr. Page seems to have no pain prior to his accident and after this accident had this increased pain with hyperreflexia in the lower extremities that seems to be largely stemming from what I think is a traumatic syrinx and feel strongly that this is probably related to his at-work accident. I am aware that other physicians may disagree with this assessment; however, four things that frequently cause spinal cord syrinx are trauma, infection, tumors and hydrocephalus. We have ruled out all of the other causes aside from idiopathic and trauma. Those are largely the only two factors left that could cause this particular malady.

On June 22, 2018, the ALJ entered an opinion finding in favor of Page. The ALJ found that Page had proved by a preponderance of the evidence that his syrinx was a compensable

injury caused by the July 20, 2016 work-related accident. In reaching this conclusion, the ALJ found that Page had no prior problems in his spine; he was involved in a work-related motor-vehicle accident wherein the van he was driving was struck from behind by another vehicle traveling approximately fifty-five miles per hour; the syrinx diagnosis was supported by objective medical findings; he had no physical difficulties performing his work prior to the work-related accident; the syrinx was caused by the motor-vehicle accident as opined by Dr. Campbell; and Dr. Campbell's opinion was entitled to greater weight than the opinions of Dr. Dedman, Dr. Simpson, and Dr. Bruffett. The ALJ further found that treatment for Page's compensable syrinx injury was reasonably necessary and that Page was entitled to additional TTD benefits from February 9 to May 5, 2017.

SBTC appealed the ALJ's opinion, and Page cross-appealed. On January 16, 2019, the Commission entered an opinion reversing all the findings in the ALJ's opinion. The Commission disagreed with the ALJ that the issue presented was whether the syrinx is a compensable injury. Rather, the Commission found that because the parties stipulated that Page sustained compensable injuries to his cervical and thoracic areas on July 20, 2016, the issue was whether Page met his burden of proving that his syrinx is a compensable consequence of his cervical and thoracic injuries. The Commission then found that Page did not meet his burden, finding that the opinions of Dr. Dedman, Dr. Simpson, and Dr. Bruffett—that the syrinx was not caused by the motor-vehicle accident—were corroborated by the record and entitled to more weight than the opinion of Dr. Campbell. Accordingly, the Commission found that Page had failed to prove that he was entitled to additional medical or TTD benefits beyond February 3, 2017. Page appeals the Commission's opinion.

4

In appeals involving claims for workers' compensation, the appellate court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Williams v. Ark. Dep't of Cmty. Corr.*, 2016 Ark. App. 427, at 5, 502 S.W.3d 530, 534. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.*, 502 S.W.3d at 534. The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission. *Id.*, 502 S.W.3d at 534. Additionally, questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Id.*, 502 S.W.3d at 534. The Commission has the authority to accept or reject medical opinions, and its resolution of the medical evidence has the force and effect of a jury verdict. *Id.* at 5–6, 502 S.W.3d at 534. Finally, this court will reverse the Commission's decision only if it is convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Id.* at 6, 502 S.W.3d at 534.

Arkansas Code Annotated section 11-9-508(a) (Repl. 2012) requires an employer to provide an injured employee such medical services as may be reasonably necessary in connection with the injury received by the employee. When the primary injury is shown to have arisen out of and in the course of employment, the employer is responsible for any natural consequence that flows from that injury. *Ingram v. Tyson Mexican Original*, 2015 Ark. App. 519, at 5–6. For this rule to apply, the basic test is whether there is a causal connection between the injury and the consequences of such. *Id.* at 6. The burden is on the employee to

establish the necessary causal connection. *Id.* Whether a causal connection exists between two episodes is a question of fact for the Commission. *Id.*

Page argues that the Commission's opinion must be reversed because the medical evidence demonstrates a causal connection between his motor-vehicle accident and his syrinx. He points to the MRIs taken within weeks of the accident that show the syrinx in his spinal cord. He relies on the causation opinion of Dr. Campbell and argues that his opinion is entitled to great weight because he treated Page, he ordered additional testing, and he provided a "better explanation" for his opinion because it ruled out other causes of the syrinx. Page further argues that Dr. Bruffett's opinion is entitled to less weight because he saw Page only one time for ten minutes, Dr. Bruffett did not order any new tests, he did not address Dr. Campbell's opinion specifically, and Dr. Bruffett offered little explanation for his opinion.

We affirm the Commission's opinion because it is supported by substantial evidence. Dr. Dedman, Dr. Simpson, and Dr. Bruffett all concluded that Page's cervicothoracic syrinx was not causally related to his cervical and thoracic strains or the motor-vehicle accident. A fourth doctor, Dr. Mocek, an interventional pain-management physician, opined in his January 26, 2017 report that "[a]t this time, it is unknown if [Page's syrinx] pain was caused by his work-related injury." Finally, Dr. Campbell stated in his October 31, 2017 report that he was unable to rule out the possibility that the syrinx was idiopathic or a preexisting defect, which provides further support for the conclusions of Dr. Dedman, Dr. Simpson, Dr. Bruffett, and Dr. Mocek.

True, the causation opinions of Dr. Dedman, Dr. Simpson, Dr. Bruffett, and Dr. Mocek are in direct opposition to the causation opinion of Dr. Campbell. But it is within the

6

Commission's province to reconcile conflicting evidence, including the medical evidence. *Williams*, 2016 Ark. App. 427, at 6, 502 S.W.3d at 534. The Commission has the duty of weighing medical evidence, and the resolution of conflicting evidence is a question of fact for the Commission. *Id.*, 502 S.W.3d at 534. It is well settled that the Commission has the authority to accept or reject medical opinion and the authority to determine its medical soundness and probative force. *Id.*, 502 S.W.3d at 534.

In sum, this is a classic "dueling-doctors" case in which this court is bound by the Commission's findings. *Id.*, 502 S.W.3d at 534. Considering the Commission's fact-finding authority, we hold that substantial evidence supports the Commission's decision. Accordingly, we affirm the Commission's finding that Page's syrinx is not a compensable consequence of his cervical and thoracic strains.

Page's second argument on appeal concerns his claim for TTD benefits resulting from his inability to work due to his syrinx. To receive benefits for TTD, a claimant must prove by a preponderance of the evidence that he was within a healing period and totally incapacitated from earning wages. *Erwin v. Riverside Furniture Corp.*, 2009 Ark. App. 321, at 3. The "healing period" is the "period for healing of an injury resulting from an accident." Ark. Code Ann. § 11-9-102(12) (Repl. 2012).

The Commission found that Page's healing period for his compensable cervical and thoracic strains ended on February 3, 2017, when Dr. Bruffett opined that Page had reached maximum medical improvement. This evidence coupled with the absence of evidence linking Page's syrinx to his compensable injury is substantial evidence supporting the Commission's decision that Page is not entitled to additional TTD benefits beyond February 3, 2017. *Erwin*,

7

2009 Ark. App. 321, at 3 (affirming the Commission's denial of additional TTD benefits on the basis of evidence of the end of appellant's healing period for her compensable injury and a lack of evidence linking her sural neuropathy and arthritis to her compensable injury). Accordingly, we affirm the Commission's denial of Page's claim for additional TTD benefits.

Affirmed.

GRUBER, C.J., and WHITEAKER, J., agree.

*Daniel A. Webb*, for appellant.

*Mayton, Newkirk & Jones*, by: *David C. Jones* and *Rick Behring Jr.*, for appellees.